UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN GUO, | |
| Plaintiff, | No. 13-CV-8223 (KMK) |
| v. | OPINION AND ORDER |
| IBM 401(k) PLUS PLAN, et al. | |
| Defendants. | |

<u>Appearances:</u>

Elizabeth Evelyn Hunter, Esq.
Frumkin & Hunter LLP
Goshen, NY
*Counsel for Plaintiff*

William David Frumkin, Esq.
Frumkin & Hunter LLP
White Plains, NY
*Counsel for Plaintiff*

Mark I. Reisman, Esq.
Reisman, Rubeo & McClure, LLP
Hawthorne, NY
*Counsel for Plaintiff*

Kevin G. Lauri, Esq.
Dana Loryn G. Weisbrod, Esq.
Daniel David Schudroff, Esq.
Jackson Lewis LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

Plaintiff Jean Guo ("Plaintiff" or "Guo") filed the instant Complaint under the Employee

Retirement Income Security Act of 1974 ("ERISA"), against the IBM 401(k) Plus Plan (the

"Plan"); R.A. Barnes, the Plan Administrator (the "Plan Administrator"); and John Does 1–5

(collectively "Defendants"), alleging that the Plan and the Plan Administrator failed to provide

Plaintiff with a benefit as required by the terms of the Plan, *see* 29 U.S.C. § 1132(a)(1)(B), and

that the Plan Administrator and John Does 1–5 (collectively the "Plan Fiduciaries") breached

their fiduciary duty, *see* 29 U.S.C. §§ 1104 and 1132(a)(3).  Before the Court is Defendants'

Motion To Dismiss pursuant to Federal Rule 12(b)(6).  (Dkt. No. 15.)  Defendants move to

dismiss on the basis that Plaintiff's claims are time-barred.  For the following reasons,

Defendants' Motion is granted without prejudice to Plaintiff filing an amended complaint.

<u>I.  Background</u>

<u>A.  Factual Background</u>

The following facts are drawn from Plaintiff's Complaint and certain documents

submitted by Defendants that the Court considers, as explained below, and are taken as true for

the purpose of resolving the instant Motion.

<u>1.  The Benefits Under the Plan</u>

James A. Landor ("Mr. Landor") worked for International Business Machine Corp.

("IBM") from August 13, 1979 to February 28, 2010, and was a participant in the Plan.  (Compl.

¶ 9 (Dkt. No. 1).)  Mr. Landor and his wife divorced in or about December 1993, and Mr. Landor

began living with Plaintiff beginning in or about April 1994.  (*Id.* ¶¶ 10–11.)  On January 15,

1998, Mr. Landor signed a Designation of Beneficiary Under IBM Tax Deferred Savings Plan

form (the "Designation of Beneficiary Form"), indicating that he was unmarried and that he

wished to change his beneficiary to Guo.  (*Id.* ¶ 12.)  The Plan Fiduciaries did not inform Mr.

Landor of the consequences of his alleged failure to complete the "relationship field" on the

Designation Beneficiary Form to name Plaintiff as his intended beneficiary.  (*Id.* ¶ 13.)

On February 28, 2010, Mr. Landor died.  (*Id.* ¶ 15.)  On or about March 17, 2010, the

Plan wrote a letter to Mr. Landor's daughter, Susan Landor ("Ms. Landor"), indicating that she

was the beneficiary of Mr. Landor's Plan account.  (*Id.* ¶ 16.)  Plaintiff submitted a copy of the

Designation of Beneficiary Form to the Plan on April 9, 2010.  (*Id.* ¶ 17.)  On April 20, 2010, the

Plan sent a letter to Plaintiff informing her that she was the beneficiary of Mr. Landor's Plan

account, and also sent a letter to Ms. Landor notifying her that the Plan's March 17, 2010 letter

was in error, the Plan had located a valid beneficiary card, and Ms. Lander would not receive the

Plan benefit.  (*Id.* ¶¶ 19–20.)

### 2.  State Court Proceedings

On April 19, 2010, Ms. Landor was granted letters of administration for Mr. Landor's

estate.  (*Id.* ¶ 18.)  On or about May 27, 2010, Ms. Landor, as Administratix for the Estate of

James A. Landor, filed a turnover petition against Plaintiff and IBM in the Surrogate's Court of

the State of New York in Duchess County to recover the proceeds of the Plan (the "Petition").

(*Id.* ¶ 21.)  Plaintiff filed a cross-petition on or about July 29, 2010, and Judge Pagones of the

Surrogate's Court referred the matter to a referee for a hearing and report.  (*Id.*)

Meanwhile, on July 30, 2010, the Plan sent a letter to Plaintiff informing her of its

determination that the Designation of Beneficiary Card was not valid because the "relationship

field" had not been completed, Mr. Landor had been notified that the form could not be accepted,

and no further attempt had been made to submit a beneficiary designation (the "July 30, 2010

Letter").  (*Id.* ¶ 22.)  In light of the July 30, 2010 Letter, Plaintiff moved on November 2, 2010,

the second day of the Surrogate's Court hearing, to dismiss the Petition because Plaintiff had not

exhausted her administrative remedies as she was required to do under ERISA and the Plan.  (*Id.*

¶ 25.)  The Surrogate's Court denied the motion.  (*Id.*)  On March 4, 2011, the Surrogate's Court

also denied Plaintiff's motion to dismiss the Petition and withdraw her cross-petition without prejudice and for a stay of the proceedings.  (*Id.* ¶¶ 26, 29.)

The Surrogate's Court issued a Decision and Decree on March 10, 2011, finding, in relevant part, that Plaintiff had no valid claim to the Plan's benefit and ordering IBM to turn over the proceeds of the Plan to Ms. Landor as Administratix by March 31, 2011 (the "Decision and Decree").  (*Id.* ¶ 30.)

On or about June 6, 2011, the Plan and Plan Administrator moved to intervene in the Surrogate's Court proceeding as respondents in lieu of IBM.  (*Id.* ¶ 34.)  The Surrogate's Court granted the request on August 22, 2011, and ordered the Plan to pay the benefit to Ms. Landor herself, not as Administratix, by September 16, 2011 (the "August 22, 2011 Order").  (*Id.* ¶ 36.)

Plaintiff appealed the Decision and Decree and the August 22, 2011 Order to the New York State Appellate Division, Second Department.  (*Id.* ¶ 39.)  On October 9, 2013, the Appellate Division held that:

> [B]y granting intervention after the decree was entered, and entering an amended decree directing the Plan to turn over the 401K Plan funds to the petitioner, the Surrogate's Court precluded Guo from challenging the Plan's determination, prejudicing Guo's substantial rights.  Accordingly, the untimely motion for leave to intervene should have been denied . . . .  Since the Plan and the Plan Administrator are not parties to the proceeding, the question of whether the Plan and the Plan Administrator acted in an arbitrary and capricious manner in rejecting the decedent's beneficiary designation form . . . was not before the Surrogate's Court, and is not before this Court.  Accordingly, that branch of the petition which sought the turnover of the decedent's 401K Plan funds and the appellant's cross petition relating thereto must be dismissed without prejudice, for failure to join a necessary party.

(*Id.* ¶ 40.)

<u>3.  Administrative Proceedings</u>

As noted above, the July 30, 2010 Letter informed Plaintiff of the Plan's determination that the Designation of Beneficiary Card was invalid.  (*Id.* ¶ 22.)  In response to the July 30,

2010 Letter, Plaintiff's counsel requested that the Plan reconsider its determination by letter dated November 1, 2010, and sent a follow-up letter to the Plan on November 10, 2010.  (*Id.* ¶ 24.)  The Plan responded to Plaintiff's counsel on January 25, 2011, stating that it considered the November 1, 2010 letter as an initial claim for benefits under the Plan claim and appeal process (the "January 25, 2011 Letter").  (*Id.* ¶ 27.)  The Plan Administrator explained that the Designation of Beneficiary Form completed by Mr. Landor was invalid because the relationship field had not been completed, and the card had been returned to Mr. Landor in 1998.  (*Id.*)  The Plan Administrator stated that there was no record of an additional beneficiary card, and therefore, Mr. Landor had no valid beneficiary designation.  (*Id.*)

On March 24, 2011, Plaintiff appealed the Plan Administrator's determination and submitted an additional letter to the Plan on May 16, 2011.  (*Id.* ¶ 28.)  By letter dated May 13, 2011, which was received by Plaintiff's counsel on May 18, 2011, the Plan denied the appeal. (*Id.* ¶ 31.)  On May 18, 2011, Plaintiff's counsel sent a letter to the Plan requesting that the Plan reconsider its denial and delay payment of the benefits to Ms. Landor pending litigation in federal court.  (*Id.* ¶ 32.)  In a letter sent on May 17, 2011, the Plan stated that it would not release the proceeds of Mr. Landor's Plan account pending the completion of litigation.  (*Id.* ¶ 33.)  This letter was received by Plaintiff's counsel on May 19, 2011.  (*Id.*)

### 4.  Federal Litigation

Plaintiff filed an action on July 7, 2011 before this Court pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B), and filed an amended complaint on September 13, 2011, adding claims under 29 U.S.C. §§ 1104 and 1132(a) against Defendants.  (*Id.* ¶ 35.)  At a conference held on September 15, 2011 (the "September 15, 2011 Conference"), this Court denied Defendants' application for a temporary restraining order and preliminary injunction, granted the request that

Ms. Landor be joined as a defendant in the action, and denied Defendants' application for injunctive relief.  (*Id.* ¶ 37.)

On September 20, 2011, the Court so ordered a Stipulation and Order of Final Dismissal Without Prejudice, entered into between Plaintiff, Defendants, and Ms. Landor, dismissing the action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a) (the "Stipulation"). (*Id.* ¶ 38.)

 B.  Procedural History

Plaintiff filed the instant Complaint on November 11, 2013.  (Dkt. No. 1.)  Pursuant to a proposed scheduling order signed by the Court on April 25, 2014, (Dkt. No. 13), Defendants filed their Motion To Dismiss on August 8, 2014, and the Parties filed their accompanying papers on August 8 and 11, 2014.  (Dkt. Nos. 15–22.)  Included in the papers supporting the motion, was a Declaration of Dana G. Weisbrod, Esq.  (Dkt. No. 17.)  Defendants attached the following documents to Weisbrod's Declaration:  (1) Plaintiff's Complaint; (2) the IBM Plus 401(k) Plan document, as amended and restated effective January 1, 2008 (the "Plan Document"); (3) the IBM 401(k) Plus 401(k) Plan's Summary description, effective as of January 1, 2008 (the "Plan Summary"); (4) a copy of the Beneficiary Designation Form; (5) a copy of the July 30, 2010 Plan Letter; (6) a copy of the January 25, 2011 Letter; (7) a copy of the letter dated March 24, 2011 from Plaintiff's counsel to the Plan Administrator (the "March 24, 2011 Letter"); (8) a copy of the Referee's March 8, 2011 Report of Findings and Conclusions of Law (the "Referee Report"); (9) a copy of the transcript of the conference before this Court on September 15, 2011 (the "Transcript")[1]; (10) a copy of the letter dated November 12, 2010 from

---

[1] Weisbrod's Declaration incorrectly states that the Conference occurred on September 13, 2011.  (Weisbrod Decl. ¶ 10.)  The Transcript, in accordance with Plaintiff's allegations,

the Plan to Plaintiff's lawyer (the "November 12, 2010 Letter"); and (11) a copy of the letter

dated November 1, 2010 from Plaintiff's lawyer to the Plan Administrator (the "November 1,

2010 Letter").  (Decl. of Dana G. Weisbrod, Esq. in Supp. of Defs.' Mot. To Dismiss Pl.'s

Compl. ("Weisbrod Decl.") Exs. A–K (Dkt. No. 17).)

## II.  Discussion

### A.  Applicable Law

#### 1.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of

his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (second alteration in original) (citations omitted).  Instead, the Supreme Court

has emphasized that "[f]actual allegations must be enough to raise a right to relief above the

speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint," *id.* at 563.  A plaintiff

must allege "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to

plausible, the[] complaint must be dismissed."  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense.  But where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

---

makes clear that the conference occurred on September 15, 2011.  (Pl.'s Compl. ¶ 37; Weisbrod
Decl. Ex. I., at 1.)

pleader is entitled to relief.'" (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

For the purpose of deciding Defendants' Motion To Dismiss, the Court is required to consider as true the factual allegations contained in the Complaint.  *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks and italics omitted)); *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same).  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). Moreover, a "complaint is deemed to include . . . documents that, although not incorporated by reference, are integral to the complaint."  *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and internal quotation marks omitted); *see also Fanelli v. City of New York*, No. 13-CV-1423, 2013 WL 6017904, at *2 (S.D.N.Y. Nov. 1, 2013) (same).

Although "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove[,]" a statute of limitations defense may be "raise[d] . . . in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also Zhongwei Zhou v. Wu*, No. 14-CV-1775, 2015 WL 925962, at *3 (S.D.N.Y. Mar. 3, 2015) (same); *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 210 (S.D.N.Y. 2014) ("[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a

8

pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." (alteration in original) (internal quotation marks omitted)); *cf. Wang v. Palmisano*, —F. Supp. 3d—, 2014 WL 5011099, at *11–12 (S.D.N.Y. Sept. 30, 2014) (refusing to dismiss several employment claims under state and federal law as untimely pursuant to Rule 12(b)(6) because of two uncertainties on the face of the complaint as to when the claims accrued).

### 2.  Statute of Limitations under ERISA

Under ERISA, a plan participant may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  "ERISA does not . . . specify a statute of limitations for filing suit under [29 U.S.C. § 1132(a)(1)(B)]."  *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 608 (2013).  However, "a participant plan and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."  *Id.* at 610; *see also Tuminello v. Aetna Life Ins. Co.*, No. 13-CV-938, 2014 WL 572367, at *2 (S.D.N.Y. Feb. 14, 2014) (same). In other words, a court is required to "give effect to the Plan's limitations provision [for filing a benefits claim] unless [it] determine[s] either that the period is unreasonably short, or that a controlling statute prevents the limitations provision from taking effect."  *Heimeshoff*, 134 S. Ct. at 612 (internal quotation marks omitted).

The statute of limitations for breach of fiduciary duty actions brought under ERISA, 29 U.S.C. § 1132(a)(3) provides that an action must be brought:

after the earlier of—
(1) six years after (A) the date of the last action which constituted a part of the preach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113; *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 188 (2d Cir. 2001).

The Supreme Court has noted, without deciding, that "[t]o the extent the participant [in an ERISA plan] has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply" to ERISA claims. *Heimeshoff*, 134 S. Ct. at 615; *see also Tuminello*, 2014 WL 572367, at *2 (same); *DeMarco v. Hartford Life and Accident. Ins. Co.*, No. 12-CV-4313, 2014 WL 3490481, at *1 (E.D.N.Y. July 11, 2014) (explaining that "district courts in [the Second] Circuit have applied equitable tolling to ERISA cases").  "Equitable tolling permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity."  *United States v. All Funds Distributed To, or on Behalf of, Weiss*, 345 F.3d 49, 54 (2d Cir. 2003) (alterations and internal quotation marks omitted); *see also Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) ("Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing.").

"Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."  *Veltri*, 393 F.3d at 322; *see also Weiss*, 345 F.3d at 54 ("Generally, equitable tolling is difficult to attain, as it is reserved for extraordinary or exceptional circumstances." (internal quotation marks omitted)).  "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his [or her] way and prevented timely filing.'"  *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v.*

*Florida*, 549 U.S. 327, 336 (2007)).  "[T]he burden of demonstrating the appropriateness of equitable tolling, however, lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).  Examples of when equitable tolling applies include "where [the] plaintiff filed and served defective papers before the expiration of the statutory period, . . . where [the] defendant induced [the] plaintiff to file late through trickery or deception, . . . . [or] . . . where [the] plaintiff was somehow prevented from learning of her cause of action within the statutory period." *Veltri*, 393 F.3d at 322–23 (citations omitted).

Moreover, "equitable tolling [is] appropriate [in the ERISA context] where [the] defendants fail to comply with the regulatory requirement that they provide notice to beneficiaries of the right to bring an action in court challenging a denial of benefits." *Id.* at 325. Specifically, federal regulations provide "that the required notice to the claimant of an adverse benefit determination 'shall set forth, in a manner calculated to be understood by the claimant . . . [a] description of the [P]lan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action[.]'" *Id.* at 323 (quoting 29 C.F.R. § 2560.503-1(g)(1)).  To comply with this regulatory requirement, it is insufficient for a plan to "merely enclose[e] [a] [pension fund] booklet with the letter [explaining the adverse determination] . . . [insofar as the letter] contain[s] no reference to specific pages in the booklet and no reference to appeal procedures." *Id.* at 324.  Nevertheless, the rule is not "mechanical." *Id.* at 326.  Rather, "a plaintiff who has actual knowledge of the right to bring a judicial action challenging the denial of her benefits may not rely on equitable tolling notwithstanding inadequate notice from her pension plan." *Id.*

B.  Analysis

    1.  Documents to be Considered

Defendants ask the Court to take notice of facts contained in the Plan Document, the Plan Summary, the Beneficiary Designation Form, the Transcript, and various letters between Plaintiff's counsel and the Plan Fiduciaries, as listed above, because they are "incorporated by reference in Plaintiff's Complaint."  (Mem. of Law in Supp. of Defs.' Mot. To Dismiss Pl.'s Compl. ("Defs.' Mem.") 2 n.1 (Dkt. No. 22).)  It is unclear what documents, if any, Plaintiff objects to the Court considering.  (*See* Mem. of Law in Opp'n to Defs.' Mot. To Dismiss Pl.'s Compl. ("Pl.'s Mem.") 7 (Dkt. No. 19) (explaining that "even if [the] documents were incorporated by reference in Plaintiff's Complaint, Defendants' motion also relies upon other facts and documents that are extraneous to the Complaint[,] [such as] . . . . facts related to notice given to Plaintiff of her legal rights and Plaintiff's knowledge of those rights" in "arguing against the applicability of equitable tolling").)

To consider a "document on a dismissal motion[,] [a plaintiff's] mere notice or possession is not enough."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Instead, "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration" of the document at this stage of a case.  *Id.*; *see also St. John's Univ., v. Bolton*, 757 F. Supp. 2d 144, 153 n.2 (E.D.N.Y. 2010) (same).  In the Complaint, Plaintiff relies on the terms and effect of the Plan Document, the Beneficiary Designation Form, and the various letters between Plaintiff's counsel and the Plan Fiduciaries (with the exception of the November 12, 2010 Letter), and they are essential to Plaintiff's ERISA claims.  (*See* Compl. ¶ 9 (the Plan Document); *id.* ¶¶ 12, 17 (the Beneficiary Designation Form); *id.* ¶ 22 (the July 30, 2010 Letter); *id.* ¶ 24 (the November 1, 2010 Letter); *id.* ¶ 27 (the January

25, 2011 Letter); *id.* ¶ 28 (the March 24, 2011 Letter).)  Accordingly, the Court considers these

documents for the purpose of resolving the instant Motion.  *See Winfield v. Citibank, N.A.*, 842

F. Supp. 2d 560, 568 n.3 (S.D.N.Y. 2012) (explaining that "[t]he [c]ourt [could] properly

consider the [p]lan and the [s]ummary [p]lan description on [the] motion to dismiss because they

[were] essential to the plaintiffs' ERISA claims and incorporated by reference into their

complaint"); *DeSilva v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 545

n.22 (E.D.N.Y. 2011) ("Although the [c]ourt typically may not look beyond the complaint in

ruling on a motion to dismiss, the [c]ourt may consider the plan documentation submitted by

[the] defendants . . . because the plaintiffs' claims are based upon the ERISA plans and the plan

documents plainly are integral to plaintiffs' complaint.")  Plaintiff also relies on the terms and

effect of the Stipulation.  (Compl. ¶ 38.)  Plaintiff's Complaint, however, does not rely on or

even reference the Plan Summary or the November 12, 2010 Letter.  As "mere notice or

possession is not enough," *Chambers*, 282 F.3d at 153, the Court does not consider these

documents.

Finally, the Court declines to consider the Transcript in the instant Motion.  Although

Plaintiff's Complaint references the September 15, 2011 Conference before the Court, Plaintiff

does not rely on the Transcript in crafting the Complaint and, therefore, the Court cannot

consider it without converting the Motion to one for summary judgment.  *See Sira*, 380 F.3d at

67–68 (holding that the district court was required to convert the motion to one for summary

judgment to consider the hearing transcript because the transcript was not cited in the complaint

or integral to the claims asserted therein, even where the complaint contained one quote from the

transcript); *see also Agostino v. Simpson*, No. 08-CV-5760, 2008 WL 4906140, at *3 (S.D.N.Y.

Nov. 17, 2009) (declining to take judicial notice of a Section 75 hearing, even though the

complaint referred to comments made by the hearing officer and the defendants' counsel during the proceeding).  Moreover, even if the Court were to take judicial notice of the Transcript, it "may do so on a motion to dismiss only to establish the existence of the [document], not for the truth of the facts asserted [therein]."  *Global Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks omitted).

### 2.  The Timeliness of Plaintiff's Claims

#### a.  Benefits Claim

Defendants contend that Plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B) is time-barred.  As an initial matter, Plaintiff argues that "[s]ince Defendants applied the terms of the 1998 plan to review Plaintiff's claim, they should not be permitted to use a different version of the [P]lan (the 2008 version) to shorten the statute of limitations for Plaintiff's claims."  (Pl.'s Mem. 25.)  Plaintiff cites no case law, however, to support this proposition.  Moreover, limitations period clauses contained in an employee benefit plan are typically enforced, "even absent express agreement by the participant to be bound by such a clause[,] . . . [at least to the extent that] the plaintiff continued employment while the clause was in effect and thereby implicitly consented to it."  *Lavin v. Briefly Stated, Inc.*, No. 09-CV-8610, 2011 WL 1334845, at *6 (S.D.N.Y. Mar. 31, 2011) (citing *Scharff v. Raytheon Co.*, 581 F.3d 899, 902 (9th Cir. 2009) and *Morales v. Plaxall, Inc.*, 541 F. Supp. 1387, 1391 (E.D.N.Y. 1982)).  Here, Mr. Landor was employed at IBM until his death on February 28, 2010.  (Compl. ¶¶ 9, 15.)  The Plan was modified and effective on January 1, 2008 and "supersede[ed] all prior restatements of the Plan." (Weisbrod Decl. Ex. B, at 1.)  Accordingly, because he was working at IBM in January 2008, Mr. Landor implicitly consented to the Plan modifications.  It is clear from the face of the

Complaint and the Plan Document, therefore, that the statute of limitations described in the Plan Document applies to Plaintiff's claim.

The Plan Document provides that a claimant must file an action in court "no later than two years after[] . . . the date the Plan Administrator or its delegate first denied the claimant's request to exercise [her right under the Plan]." (Weisbrod Decl. Ex. B, at 139.)  Here, a delegate of the Plan Administrator "first denied [Plaintiff's] request to exercise [her] right" on July 30, 2010, when Plaintiff was informed that "the [Beneficiary Designation Form] was not valid because the relationship field had not been completed." (Compl. ¶ 22.)  Accordingly, under the terms of the Plan, Plaintiff needed to file her claim by no later than July 30, 2012 for it to be timely—more than a year earlier than Plaintiff filed the instant Complaint.  (*See* Dkt. No. 1; Defs.' Mem. 9.)  The Plan Document also provides that a claimant must exhaust the Plan's administrative review procedure before bringing suit.  (Weisbrod Decl. Ex. B, at 139.)  Here, the Plan denied Plaintiff's appeal by letter dated May 13, 2011, which was received by Plaintiff's counsel on May 18, 2011.  (Compl. ¶ 31.)  Plaintiff, therefore, had over a year and two months to file this Action after the denial of the appeal.  Plaintiff does not suggest, nor does the Court find, that the period that Plaintiff had to file her claim was "unreasonably short," and therefore the Court "give[s] effect to the Plan's limitations provision." *Heimeshoff*, 134 S. Ct. at 612; *see id.* at 612–13 (explaining that a period of "approximately one year" was not unreasonably short as the defendant's internal review process would allow for a "significantly longer period in most cases"); *Tuminello*, 2014 WL 572367, at *2 (holding that the nine month period that the plaintiff was left with to file a claim was "not an unreasonably short period of time within which to file suit" and noting that the plaintiff did not contend that it was).  Thus, as Plaintiff implicitly concedes, her claim for benefits is time-barred under the limitations period provided by the Plan.

(Pl.'s Mem. 18.)

Nevertheless, Plaintiff argues that equitable tolling of the statute of limitations should apply to her claim for benefits because (1) Plaintiff has diligently pursued both internal and judicial review of her claims, but was delayed in filing the instant Action because of the "unconventional path of the administrative process and state court proceedings," and the disposition of her previous federal case, (Pl.'s Mem. 13–14), and that (2) she "may . . . be able to demonstrate extraordinary circumstances in the form of the Plan's failure to give her adequate notice of her legal rights," (*id.* at 15). The Court addresses these arguments in turn.

Defendants contend that equitable tolling is inapplicable to Plaintiff's benefits claim because "[t]he procedural history of this [C]ase reflects a complete lack of diligence by Plaintiff." (Defs.' Mem. 9–10.) Based on the allegations contained in the Complaint, however, this is not a case where Plaintiff has made no showing that she diligently pursued her ERISA claims. *Cf. DeMarco*, 2014 WL 3490481, at *1 (holding that equitable tolling did not apply to the plaintiff's ERISA claim because the "plaintiff [had not] made any showing that she was pursuing her rights under ERISA during the time period in which she was supposed to file this action"). Specifically, in response to the July 30, 2010 Letter, Plaintiff's counsel requested that the Plan reconsider its determination by letter dated November 1, 2010, and sent a follow-up letter to the Plan on November 10, 2010. (Compl. ¶ 24.) The Plan responded on January 25, 2011 that (i) it considered the November 1, 2010 letter as an initial claim for benefits under the Plan claim and appeal process, (ii) the 1998 Beneficiary Designation Form was invalid, and (iii) it found no record of an additional beneficiary card; therefore, Mr. Landor had no valid beneficiary designation. (*Id.* ¶ 27.) Plaintiff appealed the Plan Administrator's determination and submitted an additional letter to the Plan on May 16, 2011. (*Id.* ¶ 28.) The Plan

Administrator denied the appeal by letter dated May 13, 2011, which Plaintiff's counsel received on May 18, 2011. (*Id.* ¶ 31.) On May 18, 2011, Plaintiff's counsel sent a letter to the Plan requesting that the Plan reconsider its denial and delay paying the benefits to Ms. Landor pending litigation in federal court. (*Id.* ¶ 32.) Thereafter, "[o]n or about July 7, 2011, Plaintiff filed an action . . . in the United States District Court against Defendants," alleging similar claims as those in this Action. (Compl. ¶ 35.) Moreover, Plaintiff alleges that "[o]n September 20, 2011, [this Court] so ordered a Stipulation and Order of Final Dismissal Without Prejudice that had been entered into by and between" the Parties here, as well as Ms. Landor. (*Id.* ¶ 38.) These allegations suggest that Plaintiff "has diligently pursued both internal review and judicial review," and so the Court turns to whether Plaintiff "was prevented from filing suit by extraordinary circumstances." *Heimeshoff*, 134 S. Ct. at 615; *see also Tuminello*, 2014 WL 572367, at *2 (same).

Although the Complaint details the administrative, state, and federal procedural history of Plaintiff's claims, it does not contain allegations that suggest that the procedural history constitutes extraordinary circumstances that prevented Plaintiff from timely filing her claims. Plaintiff points to the fact that Ms. Landor initiated the state court proceedings before Plaintiff pursued administrative review of the denial of her claim, and that the Surrogate's Court denied her motion to stay or dismiss the state court proceedings while Plaintiff pursued her administrative appeal. (Pl.'s Mem. 13; Compl. ¶¶ 21–25, 29.) These allegations, however, are insufficient to demonstrate an extraordinary circumstance that prevented Plaintiff from pursuing her federal claims. A state court proceeding does not automatically toll the statute of limitations or prevent Plaintiff from filing an action in federal court. *Cf. Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284, 299 (S.D.N.Y. 1998) (holding "the filing of [a]

plaintiff['s] state-court action [does] not toll the limitations period on [his or her] ERISA claims for breach of fiduciary duty" where the plaintiff instituted the state court action); *see also Wagner v. Metro. Life. Ins. Co.*, No. 08-CV-11284, 2011 WL 2638143, at *8 n.8 (S.D.N.Y. Feb. 28, 2011) (noting the holding in *Manginaro*), *adopted by* 2011 WL 2623390 (S.D.N.Y. July 1, 2011). Moreover, even though "claimants must pursue all administrative remedies provided by their plan pursuant to statute" before filing a claim in federal court, *Chapman v. ChoiceCare Long Is. Term Disability Plan*, 288 F.3d 506, 511 (2d Cir. 2002), Plaintiff does not allege that the state court action prevented her from pursuing her administrative remedies. Indeed, despite the fact that Plaintiff's requests for a stay were denied, she was able to exhaust her administrative remedies and timely file a federal action in this Court on July 7, 2011.

As for that action, Plaintiff notes that she made claims against Defendants that were similar to those she alleges here. (Compl. ¶ 35.) The Complaint states that on September 20, 2011, the Court so ordered the Stipulation, which, as noted, dismissed the initial federal case without prejudice. (*Id.* ¶ 38.) When a case is dismissed without prejudice, however, the statute of limitations is not automatically tolled. *See Hollenberg v. AT&T Corp.*, No. 95-CV-9515, 2001 WL 1518271, at *2 (S.D.N.Y. Nov. 28, 2001) ("Voluntary dismissal or discontinuance does not toll the statute of limitations."); *Maldonado ex rel. Maldonado v. Apfel*, 55 F. Supp. 2d 296, 301 (S.D.N.Y. 1999) ("[A] dismissal without prejudice does not automatically toll the running of [the] statute of limitations." (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996))); *Fugaro v. Royal Caribbean Cruises Ltd.*, 851 F. Supp. 122, 125 n.2 (S.D.N.Y. 1994) ("Attempted initiation of an action, after which there was a dismissal without prejudice or its equivalent, does not toll the statute of limitations."). Rather, as the Second Circuit has explained, "voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the

same as though the suit had never been brought." *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952); *see also Smith v. Mt. Sinai Hosp. & Med. Ctr.*, No. 88-CV-3472, 1990 WL 33576, at *2 (S.D.N.Y. Mar. 22, 1990) (same). Furthermore, there is nothing in the Stipulation that suggests that the Parties agreed that the statute of limitations would be tolled. (*See Guo v. IBM 401(k) Plus Plan, et al.*, No. 11-CV-4702 (Dkt. No. 16).) *Cf. In re Legg Mason Inv. Counsel & Trust Co., N.A.*, No. 11-MC-62, 2011 WL 1533165, at *1 (S.D.N.Y. Apr. 19, 2011) (considering a stipulation of dismissal without prejudice that contained a tolling agreement). Accordingly, the allegations about the initial federal case are also insufficient for the Court to conclude that extraordinary circumstances may have prevented Plaintiff from timely filing her claims.

While neither the state court proceeding nor the Stipulation, standing alone, qualify as an extraordinary circumstance, Plaintiff suggests that the course of the state court proceedings and the discussion at the September 15, 2011 Conference before this Court warrant equitable tolling. Specifically, Plaintiff contends that she was not "allowed to proceed in the usual fashion for an ERISA benefits case" because of the action in the Surrogate's Court Ms. Landor initiated. (Pl.'s Mem. 13.) Moreover, Plaintiff argues that after she "received a final denial through the Plan's administrative review process, she attempted to seek review of that denial in federal court[,]" but "this Court decided that 'the right answer' was for Plaintiff to withdraw her federal court action without prejudice to allow the state court case to proceed to its conclusion first, because the state court decision could have collateral estoppel effect." (*Id.* at 13–14.) Consequently, Plaintiff claims that she relied on this Court's "directions and the [P]arties' expectations" by dismissing the initial federal case without prejudice to pursue her appeal in state court and then "promptly return[ed] to federal court after the state court proceeding had concluded." (*Id.* at 14.) Defendants, in turn, point out that "[s]ignificantly, Plaintiff made the decision to abandon her

federal claims in September 2011[,] Defendants raised the potential statute of limitations issue [at the September 15, 2011 Conference,] Plaintiff indicated she did not need a tolling agreement[,] [i]t is not alleged that the parties ever entered into such a tolling agreement, or that one was ever requested by Plaintiff, [and] . . . it is not alleged that Plaintiff sought a stay of the 2011 SDNY Action."  (Defs.' Mem. 10 (internal quotation marks omitted).)

The Court notes that if properly pled, these allegations may present issues of fact as to whether equitable tolling is warranted.[2]  For example, in *Johnson*, the Second Circuit suggested, without deciding, that equitable tolling may be appropriate where the plaintiff's initial suit was dismissed without prejudice and the Second Circuit directed "that [the plaintiff] resort to [the relevant administrative agency] before seeking redress in federal court."  86 F.3d at 12 (internal quotation marks omitted).  Moreover, the allegations, again if properly pled, may require findings of fact that are improper for resolution on a motion to dismiss.  *See Cortes v. City of New York*, 700 F. Supp. 2d 474, 482 (S.D.N.Y. Mar. 30, 2010) (holding that because "the statute of limitations is an affirmative defense not required to be negated on the face of the pleadings, and . . . [the] [p]laintiff has proffered arguments and evidence that might support a finding of waiver or grounds for equitable tolling, [the] [d]efendants' motion is denied insofar as it is premised on statute of limitations grounds, without prejudice to renewal of their limitations defense in later summary judgment motion practice or at trial"); *Frishberg v. Deloitte & Touche Pension Plan*, No. 07-CV-1081, 2008 WL 4000569, at *5 (D. Conn. Aug. 26, 2008) (explaining

---

[2] As noted above, the Court does not consider the Transcript for the purpose of this Motion.  It is worth emphasizing, however, that if Plaintiff files an amended complaint, Plaintiff must plead allegations that are consistent with what was said at the September 15, 2011 Conference as reflected in the Transcript, or otherwise claim that the Transcript is inaccurate. *See Hinderliter v. Diversified Consultants, Inc.*, No. 10-CV-1314, 2012 WL 3888148, at *1 n.1 (N.D.N.Y. Sept. 7, 2012) (noting that because "the allegations in the complaint [were] contradicted by the transcript, the [c]ourt [did] not consider them, despite the fact that the complaint [was] verified").

that although the plaintiff was likely not entitled to equitable tolling, "because the [c]ourt [was] limited in the information it [could] consider . . . the motion to dismiss [was] denied . . . without prejudice to filing a motion for summary judgment").

Nevertheless, because "[a] complaint cannot be amended merely by raising new facts and theories in [a plaintiff's] opposition papers," *Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99-CV-10452, 2004 WL 2914093, at \*6 (S.D.N.Y. Dec. 15, 2004), the allegations that Plaintiff relied on the Parties' expectations or the Court's instructions in dismissing her initial complaint without prejudice are not properly considered in the instant Motion, s*ee Universal Trading & Inv. Co., v. Tymoshenko*, No. 11-CV-7877, 2012 WL 6186471, at \*1 (S.D.N.Y. Dec. 12, 2012) (declining to consider certain factual assertions because "new facts and allegations raised in a [p]laintiff's opposition papers, may not be considered in deciding a motion to dismiss") (alterations and internal quotation marks omitted)); *Ifill v. N.Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009) (noting that the plaintiff "may not amend his complaint to add new claims by raising them for the first time in his motion papers").  Put simply, "[t]o benefit from equitable tolling, a litigant must allege that extraordinary circumstances prevented him from acting in a timely manner," *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2010 WL 5772892, at \*7 (E.D.N.Y. Mar. 31, 2010) (internal quotation marks omitted), *adopted by* 2011 WL 477547 (E.D.N.Y. Feb. 2, 2011), and these allegations cannot be raised for the first time in Plaintiff's opposition papers, s*ee Chao v. Xanadu Boutique, Inc.*, 380 F. Supp. 2d 134, 136 (E.D.N.Y. 2005) (explaining that "[a]lthough [the] [c]ourt agree[d] that equitable tolling may apply [to the plaintiff's claim] . . . [the] plaintiff fail[ed] to plead in the complaint circumstances that justify equitable tolling, despite [the] plaintiff's attempt to raise certain factual allegations for the first time in its memorandum of law," and therefore granting the defendants' motion to

dismiss "without prejudice to [the] plaintiff's right to file an amended complaint setting forth allegations satisfying equitable tolling"). Furthermore, the Court declines to render an advisory opinion on what Plaintiff may allege in an amended complaint. *See Gorelik v. United States*, No. 08-CV-0059, 2008 WL 4773125, at *1 (E.D.N.Y. Oct. 30, 2008) (refusing to decide whether equitable tolling was appropriate in a case under the Federal Tort Claims Act and whether equitable tolling was unavailable as a matter of law based on the arguments that the plaintiff indicated he would raise in a future complaint); *Hurd v. N.Y.C. Health & Hosp. Corp.*, No. 07-CV-3073, 2008 WL 2127659, at *3 (S.D.N.Y. May 20, 2008) (explaining that while the plaintiff "could argue for, and justify, equitable tolling of the . . . statute of limitations[,] . . . .[t]hat issue [was] not presently before the [c]ourt and [was] therefore not ripe for adjudication"). In sum, Plaintiff fails to plead that the procedural history of this case entitles her to equitable tolling.

Plaintiff also argues that she "may . . . be able to demonstrate extraordinary circumstances in the form of the Plan's failure to give her adequate notice of her legal rights." (Pl.'s Mem. 15.) It is undisputed that the July 30, 2010 Letter, which constitutes the adverse benefit determination in this Action, does not "set forth, in a manner calculated to be understood by the claimant[,] . . . [a] description of the [P]lan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action." 29 C.F.R. § 2560.503-1(g). (*See* Defs.' Mem. 8.) Nevertheless, Defendants contend that "Plaintiff's counsel received copies of both the . . . Plan Document and the . . . [Summary Document] in November 2010, . . . [and] [t]herefore Plaintiff had actual knowledge of the Plan Limitations Period more than 18 months prior to the date that she needed to bring this action." (*Id.* at 13 (emphasis omitted).) Plaintiff, in turn, counters that "the fact that the . . . statute of

limitations may have been in these documents does not excuse Defendants' failure to notify Plaintiff of the time limitation."  (Pl.'s Mem. 16.)

The Court notes that the Second Circuit in *Veltri* rejected the defendants' contention that enclosing a copy of their "Pension Fund booklet with their letter denying [the plaintiff's] claim to additional benefits" satisfied "the requirement that they inform [the plaintiff] of his right to file an action in court."  393 F.3d at 323; *see id.* ("It is uncontested that [the] defendants failed to fully comply with the regulatory notice requirements.").  Nevertheless, the Court in *Veltri* made clear that the rule that a defendant meet the requirement is not "mechanical" and "a plaintiff with actual knowledge of her right to sue may not rely on equitable tolling."  *Id.* at 326*; see also Strom v. Siegel Fenchel & Peddy P.C. Profit Sharing Plan*, 497 F.3d 234, 246 (2d Cir. 2007) (explaining that in *Veltri* the Second Circuit held that equitable tolling "would not be appropriate when the claimant already knew that she had a right to appeal to a court").  While Plaintiff suggests that her actual knowledge is a question of fact not properly before the Court in the instant Motion, the Complaint itself makes clear that Plaintiff had actual knowledge of her right to sue in federal court.  Specifically, Plaintiff alleges that Plaintiff's counsel asked the Plan by letter dated May 18, 2011 "to delay in paying out benefits to [Ms.] Landor pending litigation in federal court," (Compl. ¶ 32), and Plaintiff filed an action in this Court on July 7, 2011, (*id.* ¶ 35).  Accordingly, based on the facts alleged in the Complaint, Plaintiff is not entitled to equitable tolling based on Defendants' failure to provide Plaintiff with notice of her right to appeal to a court because Plaintiff had actual knowledge of this right.  *See Medoy v. Warnaco Emps.' Long Term Disability Ins. Plan*, No. 97-CV-6612, 2005 WL 3775953, at *8 (explaining that "[a]lthough the record is unclear as to when [the plaintiff] actually possessed or reviewed the [p]lan's [documents containing information about appealing the adverse

determination] . . . [g]iven [the plaintiff's] formal appeal in April 22, 1994, it is reasonable for th[e] [c]ourt to find that [the plaintiff] had actual knowledge of her right to take administrative action on that date[,]" and therefore holding that equitable tolling applied to the plaintiff's claims until April 22, 1994); *cf. I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt, Inc.*, 182 F.3d 51, 57 (1st Cir. 1999) (explaining that despite the "technical defect in the letter denying the claim for reimbursement" under an ERISA plan, equitable tolling was not warranted where the plaintiff knew that "it had a cause of action regarding the denial of its claim for reimbursement"). Plaintiff is, therefore, not entitled to equitable tolling based on Defendants' failure to provide her notice of her right to sue in federal court.

### b.  Breach of Fiduciary Duty Claim

Defendants also contend that Plaintiff's claim for breach of fiduciary duty is time-barred. As mentioned above, the statute of limitations for breach of fiduciary duty actions brought under ERISA provides, in relevant part, that an action must be brought within "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation," absent fraud or concealment.  29 U.S.C. § 1113; *see also Caputo*, 267 F.3d at 188 (same).  The Second Circuit has held that "a plaintiff has 'actual knowledge of the breach or violation' within the meaning of . . . 29 U.S.C. § 1113(2), when he [or she] has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act."  *Caputo*, 267 F.3d at 193 (quoting 29 U.S.C. § 1113(2)); *see also Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-CV-9329, 2014 WL 4851816, at *3 (S.D.N.Y. Sept. 30, 2014) (same).

Here, Plaintiff alleges that the Plan Fiduciaries breached their duty by failing "to inform [Mr. Landor] of the ramifications of his alleged failure to complete the 'relationship field' on the

[Designation Beneficiary Form]." (Compl. ¶ 1.) The Complaint makes clear that Plaintiff was aware of the breach by July 30, 2010, as "the Plan sent a letter to Plaintiff informing her of its determination that the designation beneficiary card was not valid because the relationship field had not been completed, Mr. Landor had been notified that the form could not be accepted, and no further attempt had been made to submit a beneficiary designation." (*Id.* ¶ 22.) Accordingly, by July 30, 2010, Plaintiff had "all material facts necessary to understand that [the Plan Fiduciaries] ha[d] breached [their] duty," as that breach is alleged in the Complaint. *Caputo*, 267 F.3d at 193. Because Plaintiff does not claim that the Plan Fiduciaries engaged in fraud or concealment, Plaintiff's claim needed to be filed by July 30, 2013 to be timely. Plaintiff did not, however, file the Complaint until November 18, 2013.

Plaintiff does not contest Defendants' claim that the statute of limitations ended on July 30, 2013. Instead, she seems to contend that equitable tolling is applicable to the breach of fiduciary duty claim as well. For the same reasons as those discussed above, the Court finds that the Complaint does not allege facts to support equitable tolling. Accordingly, Defendants' Motion To Dismiss the breach of fiduciary duty claims is also granted, without prejudice.

### III.  Conclusion

In light of the foregoing analysis, the Court grants Defendants' Motion To Dismiss Plaintiff's Complaint without prejudice. Plaintiff may file an Amended Complaint within thirty days of this order. The Clerk of Court is respectfully requested to terminate the pending Motion. (Dkt. No. 15.)

SO ORDERED.

DATED:    March 26, 2015
              White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

25