UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN GUO,

                              Plaintiff,

        v.

IBM 401(k) PLUS PLAN, et al.,

                              Defendants.

No. 13-CV-8223 (KMK)

<u>OPINION AND ORDER</u>

<u>Appearances:</u>

William D. Frumkin, Esq.
Elizabeth E. Hunter, Esq.
Frumkin & Hunter LLP
Goshen, NY
*Counsel for Plaintiff*

Mark I. Reisman, Esq.
Reisman, Rubeo & McClure, LLP
Hawthorne, NY
*Counsel for Plaintiff*

Kevin G. Lauri, Esq.
Dana G. Weisbrod, Esq.
Daniel D. Schudroff, Esq.
Jackson Lewis LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

        Plaintiff Jean Guo ("Guo" or "Plaintiff") filed the instant Amended Complaint under the

Employee Retirement Income Security Act of 1974 ("ERISA"), against the IBM 401(k) Plus

Plan (the "Plan"); R.A. Barnes, the Plan Administrator (the "Plan Administrator"); and John

Does 1–5 (collectively, "Defendants"), alleging that the Plan and the Plan Administrator failed to

provide Plaintiff with a benefit as required by the terms of the Plan, *see* 29 U.S.C.

§ 1132(a)(1)(B), and that the Plan Administrator and John Does 1–5 (collectively, the "Plan Fiduciaries") breached their fiduciary duty, *see* 29 U.S.C. §§ 1104 and 1132(a)(3).  Before the Court is Defendants' Motion To Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").  For the following reasons, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and are taken as true for the purpose of resolving the instant Motion.  The Court also considers certain documents submitted by the Parties.[1]

---

[1] This Court may properly consider the transcript of the proceedings that took place on September 15, 2011, which Plaintiff submitted along with her Amended Complaint and incorporated by reference.  *See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir.) ("In ruling on a 12(b)(6) motion, . . . a court may consider the complaint as well as any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." (alteration and internal quotation marks omitted)), *cert denied*, 135 S. Ct. 677 (2014).  Because the Plan document, the beneficiary designation form, and the various letters between Plaintiff's counsel and the Plan Fiduciaries are also incorporated by reference and are essential to Plaintiff's claims, the Court properly considers these documents as well.  *See id.*; *see also Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 568 n.3 (S.D.N.Y. 2012) (explaining that "[t]he [c]ourt [could] properly consider the [p]lan and the [s]ummary [p]lan [d]escription on [the] motion to dismiss because they [were] essential to the plaintiffs' ERISA claims and incorporated by reference into their complaint"); *DeSilva v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 770 F. Supp. 497, 545 n.22 (E.D.N.Y. 2011) (determining that "the [c]ourt may consider the plan documentation submitted by [the] defendants . . . because the plaintiffs' claims [were] based upon the ERISA plans and the plan documents plainly [were] integral to [the] plaintiffs' complaint").  Lastly, Plaintiff also relies on the terms and effect of the stipulation entered into among the Parties in September 2011, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that a court may consider a document "where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint" (some internal quotation marks omitted)), of which, in any event, the Court may take judicial notice, *see Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of court documents as public records); *Koch v. Christie's Int'l PLC*, 785 F. Supp. 2d 105, 112 (S.D.N.Y. 2011) ("[C]ourts can consider court documents or matters of public record at the motion to dismiss stage where both parties had notice of their contents and the documents are integral to the complaint."), *aff'd*, 699 F.3d 141 (2d Cir. 2012).

### 1.  The Benefits Under the Plan

James A. Landor ("Mr. Landor") worked for International Business Machine Corp. ("IBM") from August 13, 1979 to February 28, 2010, and was a participant in the Plan.  (Am. Compl. ¶ 9 (Dkt. No. 24); *see also* Decl. of Dana G. Weisbrod, Esq. in Supp. of Mot. ("Weisbrod Decl.") Ex. B (Dkt. No. 31).)  Mr. Landor and his wife divorced in or about December 1993, and Mr. Landor began living with Plaintiff in or about April 1994.  (Am. Compl. ¶¶ 10–11.)  On January 15, 1998, Mr. Landor signed a Designation of Beneficiary Under IBM Tax Deferred Savings Plan form (the "Designation of Beneficiary Form"), indicating that he was unmarried and that he wished to change his beneficiary to Plaintiff.  (*Id.* ¶ 12; *see also* Weisbrod Decl. Ex. C.)  The Plan Fiduciaries did not inform Mr. Landor of the consequences of his alleged failure to complete the "relationship field" on the Designation Beneficiary Form.  (Am. Compl. ¶ 13.)

On February 28, 2010, Mr. Landor died.  (*Id.* ¶ 15.)  On or about March 17, 2010, the Plan wrote a letter to Mr. Landor's daughter, Sarah Landor ("Ms. Landor"), indicating that she was the beneficiary of Mr. Landor's Plan account (the "March 17, 2010 Letter").  (*Id.* ¶ 16.)  Plaintiff submitted a copy of the Designation of Beneficiary Form to the Plan on April 9, 2010.  (*Id.* ¶ 17.)  On April 20, 2010, the Plan sent a letter to Plaintiff informing her that she was the beneficiary of Mr. Landor's Plan account, and also sent a letter to Ms. Landor notifying her that the March 17, 2010 Letter was in error, the Plan had located a valid beneficiary card, and Ms. Lander would not receive the Plan benefit.  (*Id.* ¶¶ 19–20.)

### 2.  State Court Proceedings

On April 19, 2010, Ms. Landor was granted letters of administration for Mr. Landor's estate.  (*Id.* ¶ 18.)  On or about May 27, 2010, Ms. Landor, as Administratrix for the Estate of James A. Landor, filed a turnover petition against Plaintiff and IBM in the Surrogate's Court of

the State of New York in Duchess County, seeking to recover the proceeds of the Plan (the "Petition"). (*Id.* ¶ 21.) Plaintiff filed a cross-petition on or about July 29, 2010, and the Surrogate's Court referred the matter to a referee for a hearing and report. (*Id.*)

Meanwhile, on July 30, 2010, the Plan sent a letter to Plaintiff informing her of its determination that the Designation of Beneficiary Form was not valid because the "relationship field" had not been completed (the "July 30, 2010 Letter"). (*Id.* ¶ 22; *see also* Weisbrod Decl. Ex. D.) The July 30, 2010 Letter advised that Mr. Landor had been notified the form could not be accepted and that he had made no further attempt to submit a beneficiary designation. (Am. Compl. ¶ 22.) As a result, on November 2, 2010, the second day of the Surrogate's Court hearing, Plaintiff moved to dismiss the Petition because Plaintiff had not exhausted her administrative remedies as she was required to do under ERISA and the Plan. (*Id.* ¶ 25.) The Surrogate's Court denied the motion and ordered the hearing to continue. (*Id.*) On January 14, 2011, Plaintiff moved to dismiss the Petition as moot, for Plaintiff to be granted leave to withdraw her cross-petition without prejudice, and for a stay of the proceedings. (*Id.* ¶ 26.) The Surrogate's Court ordered that the hearing proceed to conclusion. (*Id.*) On March 4, 2011, the Surrogate's Court denied Plaintiff's motion to dismiss the Petition and to withdraw her cross-petition without prejudice. (*Id.* ¶ 29.) The Surrogate's Court issued a decision on March 10, 2011, finding, in relevant part, that Plaintiff had no valid claim to the Plan's benefit and ordering IBM to turn over the proceeds of the Plan to Ms. Landor as Administratrix (the "March 2011 Decision"). (*Id.* ¶ 30.)

On or about June 6, 2011, the Plan and Plan Administrator moved to intervene in the Surrogate's Court proceeding as respondents in lieu of IBM. (*Id.* ¶ 35.) On August 22, 2011, the

Surrogate's Court granted the request and ordered the Plan to pay the benefit to Ms. Landor herself, not as Administratrix (the "August 2011 Order").  (*Id.* ¶ 38.)

In or about October 2011, Plaintiff filed a notice of appeal from the March 2011 Decision and the August 2011 Order.  (*Id.* ¶ 60.)  She perfected her appeal to the New York State Appellate Division, Second Department in or about July 2012.  (*Id.*)[2]  On October 9, 2013, the Appellate Division held that:

> [B]y granting intervention after the decree was entered, and entering an amended decree directing the Plan to turn over the 401K Plan funds to [Ms. Landor], the Surrogate's Court precluded Guo from challenging the Plan's determination, prejudicing Guo's substantial rights.  Accordingly, the untimely motion for leave to intervene should have been denied.  Since the Plan and the Plan Administrator are not parties to the proceeding, the question of whether the Plan and the Plan Administrator acted in an arbitrary and capricious manner in rejecting [Mr. Landor's] beneficiary designation form was not before the Surrogate's Court, and is not before this [c]ourt.  Accordingly, that branch of the [P]etition which sought the turnover of [Mr. Landor's] 401K Plan funds and [Guo's] cross petition relating thereto must be dismissed without prejudice, for failure to join a necessary party.

(*Id.* ¶ 63 (citations omitted).)

### 3.  Administrative Proceedings

As noted above, the July 30, 2010 Letter informed Plaintiff of the Plan's determination that the Designation of Beneficiary Form was invalid.  (*Id.* ¶ 22.)  Plaintiff's counsel responded by letter dated November 1, 2010, requesting that the Plan reconsider its determination (the "November 1, 2010 Letter").  (*Id.* ¶ 24.)  Plaintiff's counsel sent a follow-up letter to the Plan on November 10, 2010.  (*Id.*)  The Plan responded to Plaintiff's counsel on January 25, 2011, stating that it considered the November 1, 2010 Letter as an initial claim for benefits under the

---

[2] Thus, as of July 30, 2012, the date by which the Court determined that Plaintiff was required to file her claim in federal court, her appeal was still pending before the Appellate Division.  (Am. Compl. ¶ 61 (citing Opinion & Order ("Op.") 15 (Dkt. No. 23)).)

Plan claim and appeal process.  (*Id.* ¶ 27; *see also* Weisbrod Decl. Ex. E.)  The Plan Administrator explained that the Designation of Beneficiary Form completed by Mr. Landor was invalid because the "relationship field" had not been completed, and that the card had been returned to Mr. Landor in 1998.  (Am. Compl. ¶ 27.)  The Plan Administrator stated that there was no record of an additional beneficiary card and, therefore, Mr. Landor had no valid beneficiary designation.  (*Id.*)

On March 24, 2011, Plaintiff appealed the Plan Administrator's determination and submitted an additional letter to the Plan on May 16, 2011.  (*Id.* ¶ 28; *see also* Weisbrod Decl. Ex. F.)  By letter dated May 13, 2011 and received by Plaintiff's counsel on May 18, 2011, the Plan denied the appeal.  (Am. Compl. ¶ 32.)  On May 18, 2011, Plaintiff's counsel sent a letter to the Plan requesting that the Plan reconsider its denial and delay payment of the benefits to Ms. Landor pending litigation in federal court.  (*Id.* ¶ 33.)  In a letter sent on May 17, 2011 and received by Plaintiff's counsel on May 19, 2011, the Plan stated that it would not release the proceeds of Mr. Landor's Plan account pending the completion of litigation.  (*Id.* ¶ 34.)

### 4.  Federal Litigation

On July 7, 2011, Plaintiff commenced an action against Defendants in this Court.  (*Id.* ¶ 37.)  On or about September 8, 2011, the Plan filed an order to show cause seeking to join Ms. Landor as a party to the action and to stay the state court proceedings pending the outcome of the federal court action.  (*Id.* ¶ 39.)  Plaintiff filed an amended complaint on September 13, 2011, adding claims pursuant to 29 U.S.C. §§ 1104 and 1132(a).  (*Id.* ¶ 40.)

At a conference held on September 15, 2011 (the "September 2011 Conference"), this Court granted the Plan's unopposed motion to join Ms. Landor as a party and denied the Plan's application for injunctive relief.  (*Id.* ¶¶ 41, 46; *see also id.* Ex. 1 ("Tr.").)  The Parties then

discussed a briefing schedule to file motions to dismiss.  (Am. Compl. ¶ 47 (citing Tr. 37:9–22,

52:17–53:7).)  Before agreeing to a briefing schedule, Plaintiff's counsel proposed that the

federal court action be dismissed without prejudice or suspended to allow the state court appeal

to proceed.  (*Id.* ¶ 48 (citing Tr. 53:13–14, 53:18–54:3).)  Defense counsel indicated that they

would not object to dismissal without prejudice.  (*Id.* ¶ 49 (citing Tr. 54:5–11).)  The Court

accepted the Parties' suggestion as "the right answer," reasoning that the Appellate Division's

decision could have collateral estoppel effect on the federal court action.  (*Id.* ¶ 50 (citing Tr.

54:12–19).)  The Court then indicated that the Parties could submit a stipulation dismissing the

federal action without prejudice.  (*Id.* ¶ 51 (citing Tr. 54:21–23).)  Defense counsel raised the

possibility of a statute of limitations issue, (*id.* ¶ 52 (citing Tr. 54:24–25)), to which Plaintiff's

counsel responded, "I mean, we can do a tolling agreement, but I don't think we have a problem

with that," (*id.* (quoting Tr. 55:2–3)).  The Court then stated that it would accept "a one-line

stip," (*id.* (quoting Tr. 55:4–5)), which Plaintiff's counsel understood to mean a stipulation

simply dismissing the action without prejudice, without any tolling agreement language, (*id.*

¶ 53).[3]

On September 20, 2011, the Court so ordered a Stipulation and Order of Final Dismissal

Without Prejudice, entered into between Plaintiff, Defendants, and Ms. Landor, dismissing the

---

[3] According to the Amended Complaint, Plaintiff's counsel had the impression

that neither the Court nor the Plan thought a tolling agreement or a Court order with regard to the statute of limitations was necessary to effectuate the Court and the [P]arties' agreed-upon plan of dismissing Plaintiff's action without prejudice to allow the state court action to proceed to its conclusion and for Plaintiff to return to federal court afterward, depending upon the ruling of the Appellate Division.

(Am. Compl. ¶ 54.)

action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a) (the "Stipulation"). (*Id.* ¶ 55; *see also* Dkt. No. 16 (11-CV-4702 Dkt.).)[4]

###### B.  Procedural History

Plaintiff commenced the instant Action on November 18, 2013.  (Dkt. No. 1.)  Pursuant to a briefing schedule adopted by the Court on April 25, 2014, (Dkt. No. 13), Defendants submitted their Motion To Dismiss Plaintiff's Complaint and accompanying papers on June 6, 2014, (Dkt. Nos. 15–18).  Plaintiff submitted her opposition on July 18, 2014, (Dkt. No. 19), and Defendants filed a reply on August 8, 2014, (Dkt. Nos. 20–21).  In an Opinion & Order dated March 26, 2015 (the "Opinion"), the Court granted Defendants' Motion To Dismiss Plaintiff's Complaint without prejudice and granted Plaintiff leave to file an amended complaint.  (Dkt. No. 23.)

Plaintiff filed her Amended Complaint on April 24, 2015.  (Dkt. No. 24.)  Pursuant to a Scheduling Order adopted by the Court on June 30, 2015, (Dkt. No. 28), Defendants submitted the instant Motion and supporting papers on August 10, 2015, (Dkt. Nos. 29–32).  Plaintiff submitted her opposition on September 21, 2015, (Dkt. Nos. 34–35), and Defendants filed a reply on October 16, 2015, (Dkt. No. 33).

---

[4] The Stipulation reads, in its entirety:

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Jean Guo, Defendants IBM 401(k) Plus Plan and R.A. Barnes, and Defendant Sarah Landor, through their undersigned counsel, that, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the above-captioned action be dismissed in its entirety, without prejudice, and with no award of attorneys' fees or costs by the Court to any Party.

(Dkt. No. 16 (11-CV-4702 Dkt.).)

## II.  Discussion

### A.  Applicable Law

#### 1.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (alteration and internal quotation marks omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous

departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) (explaining that a court "reviewing a dismissal pursuant to Rule 12(b)(6)" must "accept all factual allegations in the complaint as true" (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the [c]ourt . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Lastly, a court ruling on a Rule 12(b)(6) motion "may consider the complaint[,] . . . any written instrument attached to the complaint as an exhibit[,] or any statements or documents incorporated in it by reference," as well as "matters of which judicial notice may be taken, and documents either in [the] plaintiffs' possession or of which [the] plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir.) (alterations and internal quotation marks omitted), *cert denied*, 135 S. Ct. 677 (2014); *see also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (internal quotation marks omitted)); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

## 2.  Statute of Limitations under ERISA

Under ERISA, a plan participant may bring suit "to recover benefits due to [her] under the terms of [a] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  "ERISA does not . . . specify a statute of limitations for filing suit under [29 U.S.C. § 1132(a)(1)(B)]." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 608 (2013).  However, "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."  *Id.* at 610; *see also Tuminello v. Aetna Life Ins. Co.*, No. 13-CV-938, 2014 WL 572367, at *2 (S.D.N.Y. Feb. 14, 2014) (same).  In other words, a court is required to "give effect to the [p]lan's limitations provision [for filing a benefits claim] unless [it] determine[s] either that the period is unreasonably short, or that a controlling statute prevents the limitations provision from taking effect."  *Heimeshoff*, 134 S. Ct. at 612 (internal quotation marks omitted).

The statute of limitations for breach of fiduciary duty actions brought under ERISA, 29 U.S.C. § 1132(a)(3) provides that an action must be brought:

after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the preach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113; *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 188 (2d Cir. 2001) (same).

The Supreme Court has noted, without deciding, that "[t]o the extent the participant [in an ERISA plan] has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply" to ERISA claims. *Heimeshoff*, 134 S. Ct. at 615; *cf. DeMarco v. Hartford Life and Accident. Ins. Co.*, No. 12-CV-4313, 2014 WL 3490481, at *1 (E.D.N.Y. July 11, 2014) (explaining that "district courts in [the Second] Circuit have applied equitable tolling to ERISA cases"). "Equitable tolling permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *United States v. All Funds Distributed To, or on Behalf of, Weiss*, 345 F.3d 49, 54 (2d Cir. 2003) (alterations and internal quotation marks omitted); *see also Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) ("Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing.").

"Equitable tolling is an extraordinary measure that applies only when [a] plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Veltri*, 393 F.3d at 322; *see also Weiss*, 345 F.3d at 54 ("Generally, equitable tolling is difficult to attain, as it is reserved for extraordinary or exceptional circumstances." (internal quotation marks omitted)). "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that [she] has been pursuing [her] rights diligently; and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). That "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). Examples of when equitable tolling applies include "where [the] plaintiff filed and served

defective papers before the expiration of the statutory period, . . . where [the] defendant induced [the] plaintiff to file late through trickery or deception," or "where [the] plaintiff was somehow prevented from learning of her cause of action within the statutory period." *Veltri*, 393 F.3d at 322–23 (citations omitted).

B.  Analysis

This Court has already found Plaintiff's claims for benefits and breach of fiduciary duty time-barred under the statute of limitations applicable to each cause of action.  (*See* Opinion & Order ("Op.") 15, 25 (Dkt. No. 23).)[5]  Thus, the only question that remains is whether equitable tolling is appropriate in this case.

1.  Whether Plaintiff Has Pursued Her Rights Diligently

Defendants argue that the Amended Complaint does not adequately allege that Plaintiff "acted with the requisite level of diligence to preserve her claims."  (Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") 12 (Dkt. No. 30); *see also id.* at 17–19.)  However, this Court has already found that the allegations in the Complaint "suggest[ed] that Plaintiff 'has diligently pursued both internal review and judicial review,'" (Op. 17 (quoting *Heimeshoff*, 134 S. Ct. at 615); *see also id.* at 16 ("Based on the allegations contained in the Complaint . . . , this is not a case where Plaintiff has made no showing that she diligently pursued her ERISA claims.")), and

_____

[5]  In the Opinion, the Court found that Plaintiff needed to file her benefits claim by no later than July 30, 2012 and her breach of fiduciary duty claim by July 30, 2013 to be timely. (Op. 15, 25.)  The Amended Complaint asserts those same two claims, (*compare* Am. Compl. ¶ 1, *with* Compl. ¶ 1 (Dkt. No. 1)), and the additional allegations merely concern the purportedly extraordinary circumstances that prevented Plaintiff from filing her Complaint in a timely manner, without setting forth any new cause of action, (*see generally* Am. Compl.; *cf.* Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Opp'n") 12–13 (Dkt. No. 34) (noting that "Plaintiff . . . add[ed] 33 new paragraphs to her Amended Complaint . . . regarding the extraordinary circumstances that prevented her from filing her [C]omplaint in a timely manner")).

those same allegations appear in the Amended Complaint, (*compare* Compl. ¶¶ 24, 27–28, 31–32, 35, 38 (Dkt. No. 1), *with* Am. Compl. ¶¶ 24, 27–28, 32–33, 37, 55), merely supplemented by an account of the September 2011 Conference, (*see* Am. Compl. ¶¶ 42–54).

This finding is thus the law of the case. *See Fermin v. United States*, 859 F. Supp. 2d 590, 600 n.12 (S.D.N.Y. 2012) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009))); *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) ("Under the law of the case doctrine, 'a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation.'" (quoting *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991))); *cf. Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 88 (E.D.N.Y. 2012) (applying the law of the case doctrine in the context of equitable tolling). Given the near-identical allegations contained in the Complaint and the Amended Complaint on this issue, the Court sees no basis to revisit that determination here. *See Yates v. Cunningham*, No. 08-CV-6346, 2013 WL 557237, at *1 (W.D.N.Y. Feb. 12, 2013) (finding that a prior determination regarding "the allegations in [the] [p]laintiff's first amended complaint, and, by extension, [his] second amended complaint" was the "law of the case"); *In re Stanwich Fin. Servs. Corp.*, No. 01-CV-50831, 2014 WL 1054919, at *4 (Bankr. D. Conn. Mar. 19, 2014) (noting that "the [c]ourt ruled that the [o]riginal [c]omplaint allege[d] sufficient facts to warrant the tolling of the applicable statutes," and concluding "[t]hat decision [wa]s the law of th[e] case" since there was "no basis to revisit that ruling").

Therefore, Plaintiff satisfies this first requirement of equitable tolling.

2.  Whether Extraordinary Circumstances Prevented Timely Filing

Defendants argue that the Amended Complaint fails to adequately plead that extraordinary circumstances prevented Plaintiff from timely filing the instant Action.  (*See* Defs.' Mem. 14–17.)  Plaintiff counters that "[t]he extraordinary circumstances are derived from her counsel's good faith belief that an on-the-record understanding had been reached to dismiss the [prior federal] case without prejudice, appeal the state court decision, and if the appeal was successful, re-file the case in federal court."  (Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Opp'n") 1 (Dkt. No. 34); *see also id.* at 12–18.)  In short, "Plaintiff's counsel believed the issue of the statute of limitations had been addressed on the record [at the September 2011 Conference]."  (*Id.* at 1.)[6]

As discussed above, "[e]quitable tolling is an extraordinary remedy," *Veltri*, 393 F.3d at 326, that "is only appropriate in rare and exceptional circumstances," *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alterations and internal quotation marks omitted), *as amended* (July 29, 2003); *see also Upadhyay v. Sethi*, No. 10-CV-8462, 2012 WL 3100601, at

---

[6] In full,

> Plaintiff alleges that in stipulating to withdraw the action without prejudice, Plaintiff relied upon statements made at the September [2011 Conference] and actions of the [P]arties in believing that:  it was the intent and understanding of all [P]arties and this Court that she would return to federal court after the conclusion of the state court case, depending on the ruling of the Appellate Division; the Plan would not object to Plaintiff re-filing the action in federal court, on the basis of statute of limitations or any other grounds, after receiving the ruling of the Appellate Division; and neither the Court nor the Plan thought a tolling agreement or a Court order with regard to the statute of limitations was necessary to effectuate the Court and the [P]arties' agreed-upon plan of dismissing Plaintiff's action without prejudice to permit the state court action to proceed to its conclusion in connection with the appeal, and allowing Plaintiff to return to federal court afterward, depending upon the ruling of the Appellate Division.

(Pl.'s Opp'n 13–14 (citing Am. Compl. ¶¶ 54, 56–59).)

15

*1 (S.D.N.Y. July 31, 2012) (explaining that "equitable tolling . . . is an extraordinary remedy to be used only sparingly").[7]  It is well established that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 577–78 (E.D.N.Y. 2011) (same).

However, that is all the Amended Complaint ultimately alleges, as Plaintiff merely points to her counsel's understanding "that neither the Court nor the Plan thought a tolling agreement or a Court order with regard to the statute of limitations was necessary . . . ."  (Am. Compl. ¶ 54; *see also* Pl.'s Opp'n 13 (asserting that Plaintiff believed "the Plan would not object to Plaintiff re-filing the action in federal court, on the basis of statute of limitations or any other grounds").)[8] This "misunderstanding" or "miscommunication," to use Plaintiff's own words, (*see* Pl.'s Opp'n 1), does not rise to the level of an "extraordinary circumstance," *see Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (holding that "a mistaken reading . . . is not a basis for equitable tolling"); *Hill v. United States*, No. 09-CV-1692, 2010 WL 4365572, at *6 (D. Conn. Oct. 22, 2010) (holding that "[the attorney's] misunderstanding is unfortunate, but it cannot excuse [the] [p]laintiff's late filing"); *Colon-Rodriguez v. N.Y.C. Dep't of Corr.*, No. 07-CV-8126, 2009 WL 995181, at *10 (S.D.N.Y. Apr. 13, 2009) ("[A]n attorney's mistake or even negligence does not

---

[7] The Court previously noted that neither a state court proceeding nor a dismissal without prejudice automatically tolls the statute of limitations, (*see* Op. 17–18), highlighting that "voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought," (*id.* at 18–19 (quoting *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952))).

[8] While the Court assumes the truth of the factual allegations in the Amended Complaint, the transcript of September 2011 Conference belies Plaintiff's claim that the Court thought a tolling agreement unnecessary.  Indeed, the transcript reveals that *Plaintiff's counsel* thought it was unnecessary and that the Court was prepared to accept whatever stipulation the Parties presented.  (*See* Tr. 54:21–55:5.)

constitute the 'extraordinary and rare' circumstance that provides a basis for equitable tolling.");

*Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) ("[A]ttorney error or

miscalculation is not one of the rare circumstances in which equitable tolling is permissible.");

*accord Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 62 (D.C. Cir. 2014)

(noting that "the [plaintiff's] own missteps" did not constitute an "extraordinary circumstance"),

*aff'd*, 136 S. Ct. 750 (2016); *Lemusu v. United States*, No. 09-CV-549, 2012 WL 3283434, at *5

(D. Haw. Aug. 9, 2012) (holding that a misinterpretation of a court order was not an

"extraordinary circumstance"), *aff'd*, 575 F. App'x 805 (9th Cir. 2014).[9]  Notably, this case does

not present an instance where Defendants misled Plaintiff in any way, *cf. Techno-Comp, Inc. v.

Arcabascio*, 130 F. Supp. 3d 734, 743 (E.D.N.Y. 2015) (explaining that "the statute of

limitations may be tolled" where "the defendant actively misled the plaintiff" (internal quotation

marks omitted)); indeed, it was *defense counsel* who raised the possibility of "statute of

limitations issues," (Tr. 54:24–25), which Plaintiff's counsel brushed off, (*see* Tr. 55:2–3 ("I

mean, we can do a tolling agreement, but I don't think we have a problem with that.")).

Plaintiff seeks to paint the instant Action as "analogous" to *Johnson v. Nyack Hospital*,

86 F.3d 8 (2d Cir. 1996), (*see* Pl.'s Opp'n 16–17), where the Second Circuit noted that

> to ensure that unfair prejudice does not result from a deferring court's without-
> prejudice dismissal, courts have protected a plaintiff's rights with the doctrine of

---

[9] Plaintiff suggests there is some significance to the distinction between "misinterpretations of law" and "misunderstandings of agreements between the parties." (Pl.'s Opp'n 15.)  However, she cites no authority indicating that "a miscommunication," unlike "an error of law," can constitute an extraordinary circumstance. (*Id.* at 1; *see also id.* at 15–18.)  Indeed, various courts have found that misunderstandings unrelated to the law do not merit application of equitable tolling. *See, e.g., Hill*, 2010 WL 4365572, at *6 (finding that an attorney's "misunderstanding" of a letter's significance did not excuse the plaintiff's late filing); *Johnson v. Astrue*, No. 09-CV-46, 2010 WL 2365527, at *3 (N.D. W.Va. June 8, 2010) ("The unfamiliarity of the plaintiff's counsel with electronic filing is insufficient to remove this case from the garden variety of attorney error or neglect cases, which courts generally hold are inappropriate for equitable tolling." (citing *Davila*, 225 F. Supp. 2d at 339)).

> equitable tolling, which provides a plaintiff with just so much extra time as [she] needs, despite all due diligence on [her] part, to traverse court-imposed administrative hurdles and file a new federal claim,

86 F.3d at 11 (internal quotation marks omitted).  Yet in doing so, Plaintiff ignores a key fact: there are no such "court-imposed administrative hurdles" here.  Quite the reverse, this Court indicated it would sign a stipulation dismissing the 2011 case without prejudice, (*see* Tr. 54:21–23 ("So if you all want to submit a stipulation that withdraws the action without prejudice, I will, of course, sign it.")), which was a course of action proposed by *Plaintiff's counsel* to "save everybody a lot of time and money," (*id.* at 53:13–14, 53:17–54:3).  The Stipulation may have been "the right answer" at the time, (*id.* at 54:13), but it in no way prevented Plaintiff from accepting Defendants' offer of a tolling agreement, absolved Plaintiff of her obligation to timely file, or precluded her from filing a new federal action within the limitations period.  While Plaintiff's counsel purportedly believed "that the statute of limitations issue was addressed," (Pl.'s Opp'n 14), there was no hurdle imposed by the Court.  Indeed, nothing in the record or the Stipulation prevented Plaintiff from filing her benefits claim prior to July 30, 2012 or her breach of fiduciary duty claim prior to July 30, 2013, let alone prevented her from inserting a tolling agreement in the Stipulation.  (*See* Tr.; Dkt. No. 16 (11-CV-4702 Dkt.).)[10]  Quite simply, the

---

[10] This Court has already observed that nothing in the Stipulation suggests any agreement by the Parties that the statute of limitations would be tolled.  (*See* Op. 19; *cf.* Dkt. No. 16 (11-CV-4702 Dkt.).)  To the extent Plaintiff seeks to modify or supplement that writing, (*see* Pl.'s Opp'n 14–15 (arguing, "based upon the unique circumstances of this case and the understanding reached by the [P]arties in this case, that the dismissal was premised upon an agreement that Plaintiff would be able to return to federal court after the state court appeal, regardless of the passing of the statute of limitations")), the clear and unambiguous language of the Stipulation precludes consideration of extrinsic evidence, *see Lee v. BSB Greenwich Mortg. L.P.*, 267 F.3d 172, 178 (2d Cir. 2001) ("[W]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms, and resort to parol evidence is not only unnecessary but improper." (citation and internal quotation marks omitted)); *Eastman Kodak Co. v. Altek Corp.*, 936 F. Supp. 2d 342, 351 (S.D.N.Y. 2013) ("Where contract language is unambiguous, extrinsic evidence of the parties' subjective intent may not be considered.").

"ultimate conclusion" was not an obstacle beyond Plaintiff's control but rather a mistake on the part of counsel. *See Menominee Indian Tribe*, 136 S. Ct. at 756 ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.").

Plaintiff also argues that this case is "analogous" to *Gutierrez v. Vergari*, 499 F. Supp. 1040 (S.D.N.Y. 1980), (*see* Pl.'s Opp'n 17–18), which observed that "courts have usually held that the statute of limitations is not tolled by bringing an action that is later voluntarily dismissed," but nonetheless found that "the facts of the present case and the interests of justice require[d] it to hold that the statute of limitations was tolled by [the] plaintiffs' filing of the first complaint," 499 F. Supp. at 1049–50. In doing so, the court emphasized that it reached this decision "on the basis of factors unique to the present case." *Id.* at 1049. Those factors included (a) that two complaints were pending when the earlier one was voluntarily dismissed, and (b) that neither the court nor the pro se plaintiffs knew that dismissal of the first complaint, rather than the second, might create a statute of limitations problem. *See id.* Clearly, these circumstances are not present here, as there was only one complaint pending when Plaintiff agreed to voluntarily dismiss the prior federal action, Plaintiff has at all times been represented by counsel, and the issue of the limitations period was specifically discussed at the September

---

Thus, the subjective understanding of Plaintiff's counsel has no effect. *See Direxion Shares, ETF Tr. v. Leveraged Innovations L.L.C.*, No. 14-CV-1777, 2014 WL 6469084, at *7 (S.D.N.Y. Nov. 18, 2014) (noting that a claimed misunderstanding by one party "is classic extrinsic evidence, unnecessary in the absence of ambiguity"); *Picture Patents, LLC v. Aeropostale, Inc.*, 788 F. Supp. 2d 127, 136 n.4 (S.D.N.Y. 2011) ("One party's subjective understanding of a contract does not alter its unambiguous terms."), *aff'd*, 469 F. App'x 912 (Fed. Cir. 2012); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 190 (S.D.N.Y.) ("Because the meaning of the obligation is clearly spelled out within the four corners of the [stipulation], parol evidence about the content of the negotiations or what either party subjectively intended to agree to is not admissible."), *modified on reconsideration*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009).

2011 Conference. It also bears mention that several courts have expressly rejected attempts by plaintiffs to utilize *Gutierrez* to support the application of equitable tolling in subsequent cases. *See, e.g.*, *In re IndyMac Mortg.-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 505 (S.D.N.Y. 2010) (observing that while "a handful of cases . . . have noted *Gutierrez*'s existence and outcome," none have "adopted the holding, and each ultimately followed the general rule that a voluntarily dismissed complaint does not toll the statute of limitations"); *Warren v. Garvin*, No. 97-CV-3243, 1999 WL 494117, at *3 n.4 (S.D.N.Y. July 13, 1999) (adhering to the rule that a voluntarily dismissed complaint does not toll the statute of limitations in the absence of such "exceptional circumstances" as were present in *Gutierrez*), *aff'd*, 219 F.3d 111 (2d Cir. 2000).

Because she has failed to show that "some extraordinary circumstance stood in [her] way," *Bolarinwa*, 593 F.3d at 231 (internal quotation marks omitted), Plaintiff cannot avail herself of the exceptional remedy of equitable tolling.

### III. Conclusion

For the reasons stated above, Defendants' Motion is granted with prejudice. The Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 29), and close the case.

SO ORDERED.

DATED:      September 5 , 2016
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE